UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

GORDON ANDREW KOCOL                         **DECISION
and**
                     Plaintiff,                     **ORDER**
      v.
                                      **17-CV-01268-LGF**
NANCY A. BERRYHILL,[1] Commissioner of        **(consent)**
Social Security,

                     Defendant.
───────────────────────────────────────

APPEARANCES:               LAW OFFICES OF KENNETH R. HILLER
                                  Attorneys for Plaintiff
                                  ANTHONY JOHN ROONEY, of Counsel
                                  6000 Bailey Avenue
                                  Suite 1A
                                  Amherst, New York 14226

                                  JAMES P. KENNEDY
                                  UNITED STATES ATTORNEY
                                  Attorney for Defendant
                                  Federal Centre
                                  138 Delaware Avenue
                                  Buffalo, New York 14202
                                         and
                                  ELIZABETH ROTHSTEIN,
                                  Special Assistant United States Attorney, of Counsel
                                  Social Security Administration
                                  Office of General Counsel
                                  26 Federal Plaza, Room 3904
                                  New York, New York 10278
                                         and
                                  LAURA RIDGELL BOLTZ,
                                  Special Assistant United States Attorney, of Counsel
                                  Social Security Administration
                                  Office of General Counsel
                                  1961 Stout Street, Suite 4169
                                  Denver, Colorado 80294

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on April 17, 2018, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, is substituted as the defendant in this suit with no further action required to continue the action.

**JURISDICTION**

On June 19, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. No. 7). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on August 31, 2018 (Dkt. 9), and by Defendant on November 16, 2016 (Dkt. 14). For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

**BACKGROUND and FACTS**[2]

Plaintiff Gordon Andrew Kocol ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act. Plaintiff, born on April 26, 1972 (R. 54),[3] alleges that he became disabled on May 22, 2013, when he stopped working as a result of a healing traumatic hand fracture, broken left wrist, loss of strength in bilateral arms, lack of attention and concentration, left ankle sprain, depression, difficulty sleeping, arthritis, and loud ear ringing. (R. 238).

Plaintiff's application for disability benefits was initially denied by Defendant on January 9, 2014 (R. 103), and, pursuant to Plaintiff's request, a hearing was held before

---

[2] In the interest of judicial economy, recitation of the Facts is limited to those necessary to decide the pending motions for judgment on the pleadings.
[3] "R" references are to the pages of the Administrative Record, electronically filed on July 2, 208 (Dkt. 8).

Administrative Law Judge Bryce Baird ("the ALJ") on March 31, 2016, in Buffalo, New York, at which Plaintiff, represented by Deborah Bowman, Esq. ("Bowman") appeared and testified. (R. 62-82). Vocational expert ("VE") Michele Erbacher also appeared and testified. (R. 82-102). The ALJ's decision denying Plaintiff's claim was rendered on September 30, 2016. (R. 41-56). Plaintiff submitted additional evidence to the Appeals Council, and on October 20, 2017, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-3). This action followed on December 5, 2017, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On August 31, 2018, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 10-1) ("Plaintiff's Memorandum"). Defendant filed, on November 16, 2018, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 11-1) ("Defendant's Memorandum"). Plaintiff filed a Response to Defendant's motion on the pleadings on December 20, 2018 ("Plaintiff's Reply Memorandum") (Dkt. No. 15). Oral argument was deemed unnecessary.

## **DISCUSSION**

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant

evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

A.     **<u>Standard and Scope of Judicial Review</u>**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the

factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[5] 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also*

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[5] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

5

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

**B.    Substantial Gainful Activity**

The first inquiry is whether the applicant engaged in substantial gainful activity. "Substantial gainful activity" is defined as "work that involves doing significant and productive physical or mental duties" done for pay or profit.  20 C.F.R. § 404.1510(a)(b). Substantial work activity includes work activity that is done on a part-time basis even if it includes less responsibility or pay than work previously performed.  20 C.F.R. § 404.1572(a).  Earnings may also determine engagement in substantial gainful activity. 20 C.F.R. § 404.1574.  In this case, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since May 18, 2012, Plaintiff's alleged onset date of disability. (R. 19).  Plaintiff does not contest this finding.

**C.    Severe Physical or Mental Impairment**

The second step of the analysis requires a determination whether the disability claimant had a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R. § 404.1509 ("§ 404.1509"), and significantly limits the claimant's ability to do "basic work activities."  If no severe impairment is found, the claimant is deemed not disabled and the inquiry ends.  20 C.F.R. § 404.1420(a)(4)(ii).

The Act defines "basic work activities" as "abilities and aptitudes necessary to do most jobs," and includes physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) ("§ 404.1521(b)"), 416.921(b).  The step two analysis may do nothing more

than screen out *de minimus* claims, *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995), and a finding of a non-severe impairment should be made only where the medical evidence establishes only a slight abnormality which would have no more than a minimal effect on the claimant's ability to work. *Rosario v. Apfel,* 1999 WL 294727, at *5 (E.D.N.Y. March 19, 1999) (quoting Social Security Ruling ("SSR") 85-28, 1985 WL 56856).

In this case, the ALJ determined that Plaintiff suffered from the severe impairments of seizures, lumbago and depression and that Plaintiff's left inguinal hernia status post repair in February 2011 and borderline intellectual functioning were not severe. (R. 13-14). Plaintiff does not contest the ALJ's step two findings.

### D. Listing of Impairments

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 ("§ 12.04") (Affective Disorders), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 ("§ 12.06") (Anxiety Related Disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.09 ("§ 12.09") (Substance Addiction Disorders). (R. 4). Plaintiff does not contest the ALJ's step three findings.

### E. Residual functional capacity

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to

meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

In the instant case, the ALJ assessed Plaintiff with the residual functional capacity for sedentary work, with the additional limitations of lifting and carrying 10 lbs. occasionally and five lbs. frequently, sitting for six hours in an 8-hour workday, standing and/or walking for two hours in an 8-hour workday, no climbing of ladders, ropes, or scaffolds, frequent handling/gross manipulation and fingering/fine manipulation of objects with the right hand, no exposure to excessive vibration, or to such hazards as unprotected heights or moving machinery, and limited to simple routine tasks that can be learned after a short demonstration or within 30 days. (R. 45). Plaintiff contends that the ALJ's residual functional capacity assessment of Plaintiff is erroneous as the

Appeals Council erred in not providing reasons for rejecting additional evidence submitted by Plaintiff from Plaintiff's treating physician Craig K. Maclean, D.O. ("Dr. Maclean"), (R. 32), wherein Dr. Maclean opined that Plaintiff was very limited in his ability to stand, push, pull, and function in a work setting at a consistent pace, that undermines the ALJ's residual functional capacity assessment of Plaintiff for sedentary work with limitations to lifting and carrying 10 pounds and five pounds frequently, sitting up to six hours in an eight-hour day, standing or walking up to two hours in an eight-hour day, no climbing ropes, ladders, scaffolds, frequent handling/gross manipulation and fingering/fine manipulation of objects with the right hand, no exposure to excessive vibration, hazards like unprotected heights or moving machinery, limited to simple routine tasks that can be learned after a short demonstration or within 30 days. (R. 45). Plaintiff's Memorandum at 11-16. Defendant maintains that the Appeals Council properly denied Plaintiff's request for review, and that such denial requires the court to evaluate only whether the ALJ's decision is supported by substantial evidence. Defendant's Memorandum at 9-10. Plaintiff's motion on this issue is without merit.

The Act provides that "[t]he dismissal of a request for Appeals Council review is binding and not subject to further review." 20 C.F.R. § 416.1472. Remand is appropriate, however, in instances where the Appeals Council provides no reason for accepting an ALJ's decision upon receiving supplemental evidence from a claimant's treating physician. *See Newbury v. Astrue*, 321 Fed. App'x 16, 17 (2d Cir. 2009) (remand where ALJ and Appeals Council failed to provide reasons for not crediting assessment of claimant's treating psychiatrist); *Rosas-Nozario v. Colvin*, 2015 WL 5104548, at *3 (W.D.N.Y. Aug. 27, 2015) (Appeals Council obligated to provide

explanation for not crediting claimant's treating physician opinion); *Asturias v. Colvin*, 2014 WL 3110028, at *6 (W.D.N.Y. July 7, 2014); *Stadler v. Barnhart*, 464 F. Supp.2d 183, 188 (W.D.N.Y. 2006) (remand where Appeals Council rejected newly admitted treating physician opinion that conflicted with the ALJ's residual functional capacity assessment of claimant)). Here, on October 20, 2017, the Appeals Council reviewed additional evidence provided by Plaintiff including records from Dr. Maclean, an osteopath with Southtowns Family Practice ("Southtowns"), dated November 18, 2016 through November 22, 2016 (R. 24-26), finding that such evidence added no reasonable probability that would alter the ALJ's finding on Plaintiff's disability (R. 2), and from Southtowns dated March 24, 2017 through August 10, 2017 (R. 10-11, 20), and Dent Neurologic Institute ("Dent"), from June 21, 2017 through June 28, 2017 (R. 13-18), finding such evidence irrelevant as the medical visits occurred after the date of the ALJ's decision. (R. 2). The Appeals Council also advised that if Plaintiff wanted to be considered disabled after October 5, 2016, Plaintiff needed to file a new disability benefits application. (R. 2). Because none of the evidence newly submitted to the Appeals Council pertains to the period prior to the ALJ's October 5, 2016 decision, the evidence was irrelevant to Plaintiff's claim and the ALJ was not required to consider it. *See* 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."). Although the Appeals Council may not categorically disregard medical evidence as irrelevant solely because it is generated after the ALJ's decision, *Newbury v. Astrue*, 321 Fed.Appx. 16, 18 (2d Cir. Mar. 26, 2009) (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004), it

11

need not be considered absent some indication it pertains to the relevant period, for which the onus is on Plaintiff. *See Wilbon v. Colvin*, 2016 WL 5402702, at * 4 (W.D.N.Y. Sept. 28, 2018) (recognizing the plaintiff has the burden of establishing new medical evidence generated after the ALJ's decision is relevant to the period of time in which Plaintiff must establish disability if such relevance is not apparent from the face of the newly submitted evidence). Where, as here, the newly submitted evidence contains opinions that are based on contemporaneous physical examinations, and the Plaintiff fails to establish, as is his burden, that the newly submitted evidence generated after the ALJ's hearing decision relates back to the relevant period, such evidence is irrelevant to Plaintiff's disability benefits claim and the Appeals Council is not required to consider it. *See Mulrain v. Commissioner of Social Security*, 2011 WL 2516068, at * 39-40 (2d Cir. June 24, 2011) (affirming district court's decision denying remand for consideration of new evidence for which Plaintiff failed to meet his burden of establishing such material, generated after the ALJ's decision, was relevant to the period of time prior to such decision).

      Plaintiff's motion on this issue is therefore DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 10) is DENIED; Defendant's motion (Doc. No. 14) is GRANTED. The Clerk of Court is directed to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  June 11th, 2019
Buffalo, New York